**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, <br><br> Plaintiff, <br> v. <br> JOHN DOE, <br><br> Defendant. | Case No. 2:12-cv-6669-ODW(JCx) <br><br> **ORDER DISMISSING CASE** |

Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 120 days after the complaint is filed, or else the Court "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m). This action commenced on August 2, 2012.

On December 6, 2012, Plaintiff filed a First Amended Complaint, substituting Chaz Forsyth as John Doe. (ECF No. 16.) On December 21, 2012, the Court ordered Plaintiff to show cause why it failed to timely serve the Defendant; or if the Defendant has already been served, to submit the proof of service. (ECF No. 17.)

In response, Plaintiff contends that the 120-day service deadline should not serve as an outer limit, but rather as a guideline. *Henderson v. United States*, 517 U.S. 654, 661 (1996).

If a plaintiff shows good cause for the delay, the court must extend the time for service. Fed. R. Civ. P. 4(m). And a court has discretion to extend the time for service even in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Nevertheless, that discretion is not limitless. *See id.* at 1041.

Plaintiff recounts how it discovered that Chaz Forsyth, a person related to the underlying IP subscriber, is the likely infringer. Plaintiff also states that it plans to file a motion to transfer venue to the Eastern District of California, since Chaz Forsyth resides there. Even with this account, the Court finds no good cause for the delay of service, and concludes that this delay stems from Plaintiff's lack of diligence. As further evidence of Plaintiff's lack of diligence:

- no proof of service has been filed in this case;
- 175 days have passed since Plaintiff filed its Complaint;
- 50 days have passed since Plaintiff filed its First Amended Complaint substituting Chaz Forsyth in place of John Doe;
- no motion to transfer venue has been filed.

And to the extent Plaintiff relies on its substitution of Chaz Forsyth as John Doe to extend the 120-day limit for service, this reliance is misplaced. *Harris v. City of Cleveland*, 7 F. App'x. 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants."); *Aviles v. Vill. of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (holding that Doe defendants must be identified and served within 120 days of the commencement of the action against them); *Sedaghatpour v. California*, No. C 07-01802 WHA, 2007 U.S. Dist. LEXIS 77322, at *5 (N.D. Cal. Oct. 9, 2007) ("Furthermore, the Court may dismiss 'Doe' defendants who are not identified and served within 120 days after the case is filed pursuant to FRCP 4(m)."); *Patrick Collins, Inc. v. Does 1–3757*, No. C 10-05886 LB, 2011 U.S. Dist. LEXIS 128029, at *2–3 (N.D. Cal. Nov. 4, 2011) ("The 120 days for service runs from the date of the original complaint for all Doe Defendants . . . named in the original complaint."). The Court notes that Plaintiff did not substitute Chaz Forsyth as John Doe until December 6, 2012—125 days after it filed its Complaint.

The Court also notes that this case exemplifies the dangers of litigating with only an IP address. Here, not only is the actual infringer not the subscriber to the IP

address, but the actual infringer is a person outside boundaries of the Central District of California, raising the issue of improper venue.  (ECF No. 18 at 2–3.)

Accordingly, this case is dismissed without prejudice.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

Dated:  January 25, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**